119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco MORALES-OLIVARRIA, Defendant-Appellant.
 No. 96-50374.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1997.**
Decided July 16, 1997.
 
 1
 Before: BRUNETTI, and O'SCANNLAIN, Circuit Judges; and HOGAN***, District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Francisco Morales-Olivarria was convicted of conspiracy to bring in illegal aliens, and of bringing illegal aliens into the United States in violation of 18 U.S.C. §§ 371 and 2, and 8 U.S.C. §§ 1324(a)(2)(B)(ii) & (iii). He challenges several sentencing decisions made by the district court in imposing a 27 month sentence. The facts are known to the parties.
 
 
 4
 We review the court's factual findings relating to sentencing for clear error, United States v. Dota, 33 F.3d 1179, 1187 (9th Cir.1994), and we review de novo the district court's legal interpretation of the guidelines. United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995). A decision by the district court to depart from the guidelines is reviewed for abuse of discretion. Koon v. United States, 116 S.Ct. 2035, 2043 (1996).
 
 
 5
 Morales-Olivarria argues that the district court erred in imposing a two-level upward adjustment under USSG § 3B1.1(c) for his role in the offense. We affirm this decision because the record supports the district court's conclusion that Morales-Olivarria recruited a co-defendant and directed him in assisting with the commission of the offense. Therefore the court did not clearly err in concluding that Morales-Olivarria managed or supervised the criminal activity.
 
 
 6
 We also affirm the district court's imposition of a two-level adjustment under § 3C1.1 for obstruction of justice. The court did not clearly err in concluding that Morales-Olivarria attempted to intimidate or influence the illegal aliens to lie on his behalf while the witnesses were being transported to jail and detained in a holding cell. The district court properly relied on the videotaped deposition testimony of one of the witnesses and the co-defendant in coming to this conclusion.
 
 
 7
 Next, Morales-Olivarria argues that the district court erred in imposing a two-level upward adjustment under § 3B1.3 for abuse of a position of trust, based on his employment as a Mexican immigration official. He argues that this adjustment is improper because the United States, which is the "victim" of this crime, did not place any special trust in him which he could have abused in the commission of these crimes. The Government counters by arguing that Morales-Olivarria abused his position of trust with the Mexican immigration authority by acquiring "special skills" and knowledge which assisted him in the commission of the crime.
 
 
 8
 Morales-Olivarria is correct that it was error to grant the two-level adjustment under this section. Our cases applying the "position of trust" adjustment of § 3B1.3 hold that the analysis of whether a position of trust exists "must be established from the perspective of the victim." See United States v. Hill, 915 F.2d 502, 506 n. 3 (9th Cir.1990).
 
 
 9
 Here, analyzing the crime from the perspective of the United States, the "victim" of this crime, it is clear that Morales-Olivarria held no special position of trust vis-a-vis the United States. His position as a Mexican immigration official is therefore not grounds for applying the "position of trust" enhancement. The Government's second argument, based on "special skills" acquired by Morales-Olivarria while working for the Mexican immigration service, is precluded by the terms of § 3B1.3 itself: "[I]f this adjustment is based on the use of a special skill, it may not be employed in addition to an adjustment under § 3B1.1." As noted above, Morales-Olivarria received an adjustment under § 3B1.1(c). We must therefore reverse the imposition of the two-level adjustment under § 3B1.3.
 
 
 10
 Finally, Morales-Olivarria argues that the district court abused its discretion in departing from the guidelines two levels for more than minimal planning. "More than minimal planning" is defined by the Guidelines as "more planning than is typical for commission of the offense in a simple form." USSG § 1.B1(f).
 
 
 11
 The record supports a finding that this case falls outside the typical offense characteristics of bringing aliens into the United States because Morales-Olivarria: (1) personally contacted the individuals wishing to enter the United States illegally; (2) sent them to get photographs which were delivered back to himself; (3) procured forged U.S. immigration documents for the clients; (4) arranged transportation across the United States border by recruiting and directing a co-defendant; (5) personally drove one of the clients to the border; and (6) attempted to avoid a station in which a well-trained immigration official was checking documents. Therefore, the district court did not abuse its discretion in concluding that the facts of the case warranted a departure from the guidelines.
 
 
 12
 The district court departed upwards two levels based on more than minimal planning. Those crimes for which the guidelines include consideration of more than minimal planning typically impose a two level adjustment. See, e.g. USSG § 2A2.2(b)(1) (aggravated assault); USSG § 2B1.1(b)(4)(A) (larceny, theft crimes); USSG § 2F1.1(b)(2) (fraud). We conclude that this two level upward departure was reasonable.
 
 
 13
 AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 * The Honorable Michael R. Hogan, Chief U.S. District Judge for the District of Oregon, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Circuit Rule 36-3